UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

ROBIN ARIEL MIRANDA and
MARY JEANNE MAUNEY,

    Plaintiffs,

v().

HOMEFIX CUSTOM REMODELING
CORP.,

    Defendant.

Civil Action No. TDC-22-3190

**MEMORANDUM OPINION**

Plaintiffs Robin Ariel Miranda and Mary Jeanne Mauney have filed a class action against Defendant Homefix Custom Remodeling Corporation ("Homefix"), in which they alleged violations of both the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 (2018), and the Florida Telephone Solicitation Act ("FTSA"), Fla. Stat. § 501.059 (2023). Homefix has filed a Motion to Stay Pursuant to the First-Filed Rule or, Alternatively, to Consolidate with Case No. 22-CV-1143, which is now fully briefed. Having reviewed the submitted materials, the Court finds that no hearing is necessary. See D. Md. Local R. 105.6. For the reasons set forth below, the Motion will be GRANTED IN PART and DENIED IN PART.

**BACKGROUND**

On May 11, 2022, Douglas Dribben filed a class action complaint ("the Dribben Complaint") against Homefix in the United States District Court for the District of Maryland in which he alleged that Homefix violated the TCPA, specifically 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c), which bar companies from making unsolicited telemarketing calls to

residential telephone numbers that had been placed on the National Do Not Call Registry. The Dribben Complaint proposed a class of:

> All persons within the United States: (1) whose residential telephone numbers were on the National Do Not Call Registry for at least 31 days; (2) but who received more than one telephone solicitation call from Defendant or a third party acting on Defendant's behalf; (3) within a 12-month period; (4) within the four years prior to the filing of the Complaint.

Dribben Compl. ¶ 57, Mot. Stay Ex. A, ECF No. 13-2. On May 26, 2022, that case, *Dribben v. Homefix Custom Remodeling Corp.* ("*Dribben*"), No. SAG-22-1143, was assigned to United States District Judge Stephanie A. Gallagher. On June 28, 2022, Homefix filed an Answer to the Dribben Complaint. On June 29, 2022, Judge Gallagher issued a scheduling order initiating discovery. At present, discovery remains ongoing and is scheduled to be completed on February 23, 2024. The deadline to file a motion for class certification is March 22, 2024.

On December 12, 2022, while *Dribben* was in discovery, Plaintiffs Miranda and Mauney filed in this Court the present class action, *Miranda v. Homefix Custom Remodeling Corp.* ("*Miranda*"), No. TDC-22-3190, in which they allege that Homefix has violated the TCPA and the FTSA through its telemarketing practices. One of Plaintiffs' attorneys in *Miranda*, John McGowan of Kinner & McGowan, PLLC, is also one of the plaintiff's attorneys in *Dribben*. In the present Complaint ("the Miranda Complaint"), Plaintiffs allege in the following five numbered counts that Homefix: (1) has violated the TCPA, 47 U.S.C. §§ 227(c)(5) and 47 C.F.R. §§ 64.1200(c), by engaging in telemarketing calls to residential telephone numbers on the National Do Not Call Registry ("Count 1"); (2) has violated the TCPA, 47 U.S.C. §§ 227(c)(5) and 47 C.F.R. §§ 64.1200(d), by failing to maintain an internal list of persons who previously requested not to receive telemarketing calls, and by making such calls to such persons; (3) has violated the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), by making telemarking calls using pre-recorded voice

messages without consent; (4) has violated the FTSA, Fla. Stat. § 501.059(8)(a), by using an automated system for selecting or dialing telephone numbers and playing recorded messages without consent; and (5) has violated the FTSA, Fla. Stat. § 501.059(8)(b), by making telemarketing calls using telephone numbers which could not be called back.

Plaintiffs have proposed five separate classes for certification, corresponding to the five counts. The first of those classes, corresponding to Count 1, consists of:

> All persons in the United States who from four years prior to the filing of this action through trial (1) Defendant, or an agent calling on behalf of Defendant, called more than one time, (2) within any 12-month period, (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days, (4) for substantially the same reason Defendant called Plaintiff Miranda or Plaintiff Mauney.

Compl. ¶ 57, ECF No. 1.

## DISCUSSION

In its Motion to Stay Pursuant to the First-Filed Rule or, Alternatively, to Consolidate with Case No. 22-CV-1143, Homefix requests that this Court either: (1) stay *Miranda* pending the disposition of *Dribben*; or (2) consolidate *Miranda* with *Dribben*. Homefix also requests "any other relief the Court deems just and proper." Mot. at 10, ECF No. 13-1. Homefix argues that because the claims and proposed classes in *Miranda* and *Dribben* substantially overlap, and because *Dribben* was filed first, the first-filed rule warrants a stay of *Miranda* until *Dribben* is resolved. Plaintiffs oppose the Motion on the grounds that several of the claims and proposed classes in *Miranda* do not overlap with the single claim and proposed class in *Dribben*.

### I.   Motion to Stay

Under the first-filed rule, ordinarily, "when multiple suits are filed . . . upon the same factual issues, the first or prior action is permitted to proceed to the exclusion of another subsequently filed." *Allied-General Nuclear Servs. v. Commonwealth Edison Co.*, 675 F.2d 610,

611 n.1 (4th Cir. 1982). The first-filed suit receives priority "absent the showing of balance of convenience in favor of the second." *Ellicott Mach. Corp. v. Modern Welding Co., Inc.*, 502 F.2d 178, 180 n.2 (4th Cir. 1974) (quoting *Remington Prods. Corp. v. Am. Aerovap, Inc.*, 192 F.2d 872, 873 (2d Cir. 1951)). Under this rule, a court may stay the second case, transfer it to the first case's forum, or in rare instances dismiss the second case. *See Chavez v. Dole Food Co., Inc.*, 836 F.3d 205, 220-21 (3d Cir. 2016) (*en banc*). In determining whether to apply the first-filed rule, judges in this District have considered: "(1) the chronology of the filings, (2) the similarity of the parties involved, and (3) the similarity of the issues at stake." *See, e.g., Glodek v. Richardson*, No. GJH-19-2115, 2020 WL 263476, at *3 (D. Md. Jan. 16, 2020); *Kendus v. USPack Servs. LLC*, No. SAG-19-0496, 2020 WL 1158570, at *2 (D. Md. Mar. 10, 2020). Though the United States Court of Appeals for the Fourth Circuit has not addressed how party and issue similarity is determined and weighed in the context of a first-filed class action, another circuit has concluded that "for purposes of identity of the parties when applying the first-to-file rule, courts have looked at whether there is substantial overlap with the putative class even though the class [in the first-filed case] has not yet been certified." *Baatz v. Columbia Gas Transmission, LLC*, 814 F.3d 785, 790 (6th Cir. 2016). On issue similarity, one case "must be materially on all fours with the other" and "must have such an identity that a determination in one action leaves little or nothing to be determined in the other." *Smith v. Sec. & Exch. Comm'n*, 129 F.3d 356, 361 (6th Cir. 1997) (*en banc*); *Congress Credit Corp. v. AJC Int'l, Inc.*, 42 F.3d 686, 689-90 (1st Cir. 1994). Ordinarily, the determination of whether to apply the first-filed rule is made by the court with jurisdiction over the first-filed case. *See Glodek*, 2020 WL 263476, at *2.

Applying the first-filed rule, the Court concludes that a stay is not warranted. The parties do not contest that *Dribben* was filed before *Miranda*, and that the same defendant is named in

4

both cases. However, the Court finds that the parties and issues are insufficiently similar between *Miranda* and *Dribben* to justify a stay. Although the claim and putative class definition in *Dribben* are nearly identical to the claim and proposed class in Count 1 of *Miranda*, the existence of four other distinct claims and proposed classes in *Miranda*, based on different statutory provisions, precludes a finding of substantial overlap between the parties and issues in the cases. Because the two cases do not have "such an identity that a determination in one action leaves little or nothing to be determined in the other," *Smith*, 129 F.3d at 361, the Court finds that it would be inappropriate to stay *Miranda* and delay the resolution of the separate, distinctive claims in Counts 2-5 that will not be considered and resolved in *Dribben*.

Nevertheless, the Court finds that because of the near identity of *Dribben* and Count 1 of *Miranda*, and the likely overlap of certain questions of law and fact between *Dribben* and the other TCPA counts in *Miranda* and *Dribben*, the two cases should be decided by the same judge. In particular, if the cases remain before different judges, there is a risk of inconsistent adjudications of common factual and legal issues, such as class certification, in *Dribben* and Count 1 of *Miranda*. Moreover, because there may be overlapping issues relating to discovery and other matters, having the same judge preside over both cases will advance convenience to the parties and judicial economy. *See* 28 U.S.C. § 1404(a); *see, e.g.*, *Glodek*, 2020 WL 263476, at *3 (transferring the case to the district in which the first-filed case was pending); *Kendus*, 2020 WL 1158570, at *1, *5 (same).

## II.     Motion to Consolidate

The Court will not, however, grant the Motion to Consolidate. "If actions before the court involve a common question of law or fact, the court may . . . consolidate the actions" or "issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a)(2)-(3). In considering a

motion to consolidate, a court balances "the specific risks of prejudice and possible confusion" with "the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense of all concerned . . . ." *Arnold v. Eastern Air Lines, Inc.*, 681 F.2d 186, 193 (4th Cir. 1982).

Here, where discovery in *Dribben* has progressed significantly, while discovery has not yet begun in *Miranda*, there is the potential for the adjudication of *Dribben* to be delayed if the two cases are consolidated. That risk increases upon consideration of the fact that *Miranda* has four additional claims not present in *Dribben* that remain at the early stages. Where consolidation at present may create "unnecessary cost and delay" in *Dribben*, the Court declines to consolidate both cases at this juncture. Fed. R. Civ. P. 42(a)(3).

## CONCLUSION

For the foregoing reasons, Homefix's Motion to Stay Pursuant to the First-Filed Rule or Alternatively, to Consolidate, ECF No. 13, will be GRANTED IN PART and DENIED IN PART. The Motion will be GRANTED IN PART in that this case will be transferred to Judge Stephanie A. Gallagher, the presiding judge in *Dribben*; the Motion to Stay will be DENIED; and the Motion to Consolidate will be DENIED WITHOUT PREJUDICE. A separate Order shall issue.

Date: September 13, 2023

THEODORE D. CHUANG
United States District Judge